IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN S. YATSKO, ET AL. | : | |
| Plaintiffs | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 09-CV-0141 |
| OFFICE OF WORKERS COMPENSATION PROGRAMS, U.S. DEPT. OF LABOR et al. | : | |
| Defendants | : | |

**<u>MEMORANDUM OPINION</u>**

The Plaintiffs are seeking injunctive and declaratory relief. Specifically, the Plaintiffs are seeking a judicial order enjoining the Defendants from denying the payment of benefits to the Plaintiffs under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), which is administered by the Department of Labor. (Compl. ¶ 1.) The Plaintiffs, who were receiving payments under the EEOICPA, were denied payments under the EEOICPA in March of 2007 based on their filing of tort lawsuits in state court. (Compl. ¶¶ 14-17, 21-24.) The Plaintiffs allege that the denial of their payments is in direct contravention of a memorandum opinion by an Associate Solicitor for Employee Benefits for the Department of Labor (the "Depenbrock Memo") and, therefore, is "not in accordance with the law under 5 U.S.C. § 706(2)(A)." (Compl. ¶¶ 18, 25, 27, 30.) Before issuing a briefing order in this case, the Court asked the parties to brief the scope of the Court's review under the Administrative Procedures Act because the parties could not stipulate to the scope of review. The Plaintiffs are seeking *de novo* review. The Defendants are seeking to limit the Court's review to the Administrative Record. The parties also discuss whether discovery ought to be allowed in this case.

**I.      Issue One:     Scope of Review**

The scope of review will be limited to the Administrative Record because the limited situations that permit a reviewing court to look beyond an administrative record do not exist here.  In Citizens to Preserve Overton Park, Inc. v. Volpe, the United States Supreme Court limited "trial de novo" review under the Administrative Procedures Act to two situations: (1) "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate," and (2) "when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action."  Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971) overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 105 (1997).  Neither situation exists here.

First, it is clear that the second situation does not exist because it is undisputed that the Plaintiffs are seeking to challenge, not enforce, an adjudicatory action and no issues are raised here that were not raised before the agency.  Next, as to the first situation, there are no allegations that the agency factfinding procedures were inadequate so that situation does not exist either. Compare Porter v. Califano, 592 F.2d 770, 782-84 (5th Cir. 1979) (remanding for, among other things, de novo review of an agency decision to suspend plaintiff  where factfinding procedures were inadequate because the agency permitted an initial investigation into the suspension to be conducted by "biased superiors" whom plaintiff had accused of corruption, which were the very same accusations that led to her suspension that was being reviewed, and denied plaintiff an opportunity to discover evidence, confront her accusers, and subpoena and cross-exam witnesses) with Amn. Bankers Ass'n v. Nat'l Credit Union Admin., 513 F. Supp. 2d 190, 199-200 (M.D. Pa. 2007) (denying de novo review in the face of allegations that an agency failed to give notice

of the hearing and coached witnesses into submitting only biased documents for agency review).

The only articulated inadequacy of the adjudicatory decision by the Department of Labor is the allegation that "the denials of Plaintiffs' benefits in this case [are] in direct contravention of the Depenbrock Memo, yet those denials make no mention of that document, and make no effort to distinguish it." (Pls.'s Br. 8.) The Court finds that such an inadequacy is more properly reviewed under a "not in accordance with the law" standard under Section 706(2)(A) because the Depenbrock Memo does not concern "factfinding." Further, there are no allegations that the factfinding procedures were somehow inadequate. The propriety of reviewing this case under the "not in accordance with the law" standard is further emphasized by the fact that the Plaintiffs cite to that standard in their Complaint, not the "unwarranted by the facts" standard that would permit de novo review. See (Compl. ¶¶ 27, 30). Therefore, the scope of review will be limited to the Court's review of the Administrative Record.

## II.     Issue Two:     Discovery

At this stage of the litigation, full discovery is inappropriate. "As a general rule, a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. The role of a court reviewing an agency's decision is to apply the appropriate APA [scope] of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court, not to substitute its judgment for that of an agency." Amn. Bankers Ass'n, 513 F. Supp. 2d at 200 (citations and quotations omitted). "[T]he focal point for judicial review should be the administrative record already in existence, not some new

record made initially in the reviewing court. Accordingly, there is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process." Id. There are three exceptions to this general rule that would permit discovery. Amn. Bankers Ass'n, 513 F. Supp. 2d at 200. None applies.

The first exception allows for discovery when the reviewing court permits de novo review. Id. Based on the foregoing, it is obvious that this exception does not apply. The second exception is triggered by a "strong showing of bad faith or improper behavior." Volpe, 401 U.S. at 420. No bad faith or improper behavior has been alleged by the Plaintiffs so this exception cannot apply either. See also Tafas v. Dudas, 530 F. Supp. 2d 786, 798 (E.D. Va. 2008) (noting that, "to obtain discovery beyond the administrative record on the basis of bad faith there must be a 'strong preliminary showing' of impropriety").

As to the third exception, it provides that "examination of decisionmakers may be required when such examination provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings." Community for Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990). This exception does not apply because Plaintiffs have not alleged that the administrative record is "so bare as to frustrate effective judicial review." Id. at 998; and compare NVE v. Dep't of Health and Human Serv., 436 F.3d 182, 195-96 (3d Cir. 2006) (affirming district court's decision to deny discovery where plaintiff questioned whether the administrative record was complete based on speculation that agency failed to produce the full record) with Dopico v. Goldschmidt, 687 F.2d 644, 654 (2d Cir. 1982) (remanding for further consideration upon the completion of appropriate discovery where plaintiff alleged that fundamental documents, i.e., "the very basis for [challenged] federal

decision-making," were not part of the administrative record).  As stated above, the only inadequacy alleged by the Plaintiffs is the Department of Labor's failure to mention or distinguish the Depenbrock Memo in its decisions to deny benefits.  This alleged inadequacy, however, is belied by a review of the Administrative Record, which includes the memo and *facially* distinguishes it from the Plaintiff's cases.  See, e.g., (A.R. 187; 530 (copies of the Depenbrock Memo submitted to the Department of Labor by Plaintiffs in response to the Notices of Recommended Decision for the District Office regarding Plaintiffs' claims); & A.R. 44, 376 (copies of Final Decisions regarding Plaintiffs' claims that note the Plaintiffs' objections based on the Depenbrock Memo, see (Objection No. 2 and subsequent analysis), and proceed to analyze Plaintiffs' claims in light of those objections)) (emphasis added).  Thus, to the extent that Plaintiffs base their request for discovery on an incompleteness theory, they failed to come forward with any plausible theory for permitting discovery at this stage of the litigation.  See Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior, 143 F. Supp. 2d 7, 12-13 (D.D.C. 2001) ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency.") (citations and quotations omitted).

      Nevertheless, because it appears that the Administrative Record was filed *after* the Plaintiffs submitted their brief regarding scope of review and discovery, the Court will permit specific discovery requests by written motion solely on the basis of good faith allegations that the Record is somehow incomplete.

      An appropriate Order is being filed contemporaneously.